**UNITED STATES DISTRICT COURT**  
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 09-3013-JFW (MANx)**                                                        Date:  June 8, 2009

Title:         Marshall Sylver -v- Titan Digital Media Ventures, LLC., et al.

---

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                                                         **None Present**
    **Courtroom Deputy**                                                  **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                                            None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

     On April 29, 2009, Plaintiff Marshall Sylver ("Plaintiff") filed a Complaint against Defendants Titan Digital Media Ventures, LLC ("Titan"), Ingrid Vanderveldt, ClubENetwork.com ("ClubE"), and Michael Gerber, alleging claims for: (1) declaratory relief; (2) injunctive relief; (3) breach of contract; (4) fraud; (5) interference with contract; and (6) conversion.  On May 5, 2009, the Court issued an Order to Show Cause Re Dismissal for Lack of Subject Matter Jurisdiction ("OSC").  On May 26, 2009, Plaintiff filed his Response to the OSC.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  In this case, the Court finds that Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court in either his Complaint or his Response to the OSC.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").

     In his Complaint, Plaintiff named Titan, a limited liability company, and ClubE, an unincorporated entity, as defendants in this action, but failed to properly allege their citizenship. The OSC informed Plaintiff that, with respect to partnerships, limited liability corporations, or other unincorporated associations, "[t]he Court must consider the citizenship of each of the partners, including limited partners or members.  The citizenship of each of the entity's partners or members must therefore be alleged."  OSC, p. 2.  However, in his Response to the OSC, Plaintiff simply repeated the same insufficient allegations from his Complaint with respect to Titan:

     Defendant Titan Digital Media Ventures, LLC ("Titan") is a Texas limited liability

> company organized under the laws of the State of Texas, having its principal place of business in the State of Texas. Plaintiff is informed and believes and on that basis alleges that Titan and all of the members of Titan are citizens of either the State of California or the State of Texas.

Response to OSC, ¶ 1. Similarly, with respect to ClubE, Plaintiff again repeated the same insufficient allegations from his Complaint:

> ClubENetwork.com ("ClubENetwork") is and was at all times mentioned herein an unincorporated entity conducting business in California, with its principal place of business in the State of Arizona.

Response to OSC, ¶ 2. In addition, Plaintiff alleged that:

> Plaintiff is informed and believes and on that basis alleges that ClubENetwork is a citizen of the State of Arizona. (*See*, 28 U.S.C. § 1332(d)(10).).

Response to OSC, ¶ 2.

Plaintiff's allegations are woefully insufficient. Plaintiff has twice failed – both in the Complaint and the Response to the OSC – to make "an affirmative allegation of the citizenship of each member of" Titan and ClubE. *Leica Microsystems, Inc., v. Potter*, 2007 WL 1188199 (D. Ariz. Apr. 20, 2007) ("The Complaint must expressly identify each member of any limited partnerships, and/or limited liability companies, along with each member's citizenship. Such jurisdictional allegations are necessary for this Court to conclude whether diversity jurisdiction is satisfied."). Simply alleging that the unnamed members of Titan are citizens of either Texas or California and that ClubE is a citizen of Arizona is insufficient.[1] As the court in *America's Best Inns, Inc., v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1073 (7th Cir. 1992), found:

> [N]either of the affidavits identifies the limited partners at the time the complaint was filed. It is impossible to determine diversity of citizenship without knowing who the persons in question are. And litigants instructed to specify the partners and their citizenship may not respond with a vacuous statement such as "no partner is a citizen of Illinois." How can anyone tell? Once the court sounds the alarm, the litigants must be precise.

In addition, Plaintiff's allegations in both the Complaint and the Response to the OSC regarding Titan and ClubE's citizenship are based on information and belief. This is also

---

[1] Plaintiff also erroneously relied on 28 U.S.C. § 1332(d)(10) for determining the citizenship of ClubE, an unincorporated entity. Section 1332(d)(10) only applies to Class Action Fairness Act ("CAFA") diversity cases. Thus, the citizenship of ClubE, like the citizenship of Titan, is determined by the citizenship of each of its members. *See, Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("The citizenship of each member of an unincorporated association must be alleged, even though the entity might be recognized at state law as having the ability to sue and the liability to be sued.").

insufficient.  As the Supreme Court long ago held, "a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction."  *Smith*, 270 U.S. at 459 (1926); *accord, Rilling v. Burlington Northern Railroad Co.*, 909 F.2d 399, 400 (9th Cir.  1990).  A complaint alleging diversity of citizenship upon "information and belief" is insufficient to confer jurisdiction.  *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).  Plaintiff's allegations based on "information and belief" fail to "affirmatively and distinctly" establish the citizenship of Titan and ClubE for purposes of conferring diversity jurisdiction.

      The Court finds that Plaintiff's allegations of citizenship with respect to Titan and ClubE in both the Complaint and the Response to the OSC are inadequate and, thus, this action must be dismissed for lack of subject matter jurisdiction.  Accordingly, this action is hereby **DISMISSED without prejudice**.  *See* Federal Rule of Civil Procedure 41(b); *see also Yourish v. California Amplifier*, 191 F.3d 983, 986-988 (9th Cir. 1999); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

      IT IS SO ORDERED.

      The Clerk shall serve a copy of this Minute Order on all parties to this action.